UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELWIN DWAYNE EDWARDS,

       Petitioner,                               Case Number: 4:16-10201
                                                    Honorable Linda V. Parker

v.

KATHLEEN OLSEN,

       Respondent.
_____/

## OPINION AND ORDER DISMISSING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS

Kelwin Dwayne Edwards filed a *pro se* petition for writ of habeas corpus challenging his convictions for assault with intent to murder in violation of Michigan Compiled Laws § 750.83 and possession of a firearm during the commission of a felony in violation of Michigan Compiled Laws § 750.227b. The Court is dismissing the petition without prejudice because Petitioner is a fugitive from justice.

**I.    Background**

Petitioner was convicted by a jury in Wayne County Circuit Court and sentenced to prison terms of 51 months to 11 years for assault with intent to murder and two years for felony-firearm. He filed an appeal of right in the Michigan Court of Appeals and sought a remand for an evidentiary hearing on an

ineffective assistance of counsel claim. The Michigan Court of Appeals remanded the case for a hearing pursuant to *People v. Ginther*, 212 N.W.2d 922 (Mich. 1973). Following an evidentiary hearing, the trial court found that Petitioner was not denied the effective assistance of counsel. (9/4/14 Hr'g Tr. at 64-66, ECF No. 10-12 at Pg ID 597-98.) The Michigan Court of Appeals affirmed Petitioner's convictions and sentences. *People v. Edwards*, No. 318092, 2015 WL 1119723 (Mich. Ct. App. March 12, 2015).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court. In lieu of granting leave to appeal, the Michigan Supreme Court reversed the judgment of the court of appeals in part and remanded to the trial court to determine whether it would have imposed a materially different sentence under the sentencing procedure described in *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015).[1] *People v. Edwards*, 870 N.W.2d 721 (Mich. 2015). On remand, the trial court resentenced Petitioner to prison terms of one to fifteen years for the assault conviction and two years for the felony-firearm conviction.

The State filed an appeal of right in the Michigan Court of Appeals. The Michigan Court of Appeals held that the trial court's drastic downward departure

---

[1] In *Lockridge*, the Michigan Supreme Court found the mandatory application of Michigan's sentencing guidelines unconstitutional because the guidelines required judicial fact-finding beyond the facts admitted by the defendant or found by the jury to increase the minimum sentence. *Lockridge*, 870 N.W.2d at 511-12.

from the sentencing guidelines was unreasonable because it was not proportionate to the circumstances of the offender or the offense and remanded to the trial court for resentencing. *People v. Edwards*, No. 333738, 2017 WL 4557266 at *3 (Mich. Ct. App. Oct. 12, 2017). Petitioner, who had been released on parole during the appeal, failed to appear for resentencing. *See People v. Edwards*, No. 13-000329-01-FC, 4/12/2018 docket entry.[2] A bench warrant was issued. *Id.*

Petitioner filed the pending petition while the State's appeal from the first resentencing was pending.

**II.     Discussion**

Petitioner was scheduled to be resentenced on the convictions challenged in this habeas petition on April 12, 2018. He failed to appear, and a bench warrant remains outstanding. Petitioner is not entitled to invoke the resources of the Court to challenge his convictions due to his failure to appear and absconder status. The Court will dismiss the petition pursuant to the fugitive disentitlement doctrine.

An appellate court may dismiss the appeal of a defendant who is a fugitive from justice during the pendency of his appeal. *Ortega-Rodriguez v. United States*, 507 U.S. 234, 239 (1993). In the context of a direct criminal appeal, the Supreme

---

[2] *See* Fed. R. Evid. 201(b)(2) (allowing a court "to judicially notice a fact that is not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *see also Normand v. McAninch,* No. 98-3747, 2000 WL 377348, *1 n.1 (6th Cir. Apr. 6, 2000) (taking judicial notice of publicly available docket sheet of state court).

Court has reasoned that a defendant's escape during the pendency of his appeal, while not stripping "the case of its character as an adjudicable case or controversy, . . . disentitles the defendant to call upon the resources of the Court for determination of his claims." *Molinaro v. New Jersey*, 396 U.S. 365, 366 (1970). This rule rests "in part on enforceability concerns, and in part on a 'disentitlement' theory that construes a defendant's flight during the pendency of his appeal as tantamount to waiver or abandonment." *Ortega-Rodriguez*, 507 U.S. at 240.

The Sixth Circuit Court of Appeals has dismissed a habeas appeal under the fugitive disentitlement doctrine where the petitioner escaped during the pendency of his appeal. *Taylor v. Egeler*, 575 F.2d 773 (6th Cir. 1978). The court of appeals reasoned:

> The literal meaning of the writ of habeas corpus ad subjiciendum comes from the Latin habeas corpus which means "you should have the body." It is an extraordinary writ the office of which is to examine the legality of a prisoner's confinement. If granted, the writ orders the jailer or other custodian to produce the body and free the prisoner either absolutely or conditionally. If there is no body for the jailer to produce, the writ is unnecessary.

*Id.* at 773.

The reasoning which justifies dismissal of a fugitive's appeal from the denial of a habeas corpus petition also justifies the dismissal of a fugitive's habeas corpus petition in the district court. *Bagwell v. Dretke*, 376 F.3d 408, 412 (5th Cir. 2004). First, a federal habeas court cannot enforce its judgment if a petitioner is a fugitive.

4

*Id.* Second, a prisoner who escapes while his petition is pending "intentionally waives control over the proceedings." *Id.* "[A] prisoner's escape is no less an affront to the dignity of a federal court sitting in habeas than it is to a court reviewing a direct appeal." *Id.* Accordingly, federal district courts may dismiss habeas petitions if the petitioner is a fugitive from justice. *Id.*; *see also Clark v. Dalsheim*, 663 F. Supp. 1095 (S.D.N.Y. 1987) (summarily dismissing habeas petition filed by fugitive); *Crawford v. Varner*, No. Civ. A. 98-405-GMS, 2002 WL 229898, *2 (D. Del. 2002) ("The Court can discern no reason to entertain a habeas petition filed by a fugitive whose own unlawful actions preclude the very relief he seeks.").

Petitioner is a fugitive from justice and, therefore, the Court is dismissing his petition without prejudice. *See Taylor*, 575 F.2d at 773.

### III. Certificate of Appealability

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether

(or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (2003) (internal quotes and citations omitted).

Reasonable jurists would not find the Court's decision to dismiss the petition to be debatable or wrong. The Court therefore declines to issue a certificate of appealability.

Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner may proceed *in forma pauperis* on appeal because an appeal may be taken in good faith. 28 U.S.C. § 1915(a)(3).

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: November 28, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 28, 2018, by electronic and/or

U.S. First Class mail.

                                                  <u>s/ R. Loury</u>
                                                  Case Manager